## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>UC COLORADO CORPORATION,<br>EIN: 32-0459347<br><br>Debtor. | Case No. 20-12689-JGR<br>Chapter 11 |

### ORDER TO SHOW CAUSE

THIS MATTER comes before the Court *sua sponte*. The Court, having reviewed the file and being advised in the premises,

DOES FIND the Debtor appears to be engaged in the marijuana industry. As set forth in *In re Andrick*, 604 B.R. 577, 580-81 (Bankr. D. Colo. 2019): Regulation of marijuana under the commerce clause falls within Congress's power. *Gonzales v. Raich*, 545 U.S. 1, 125 S. Ct. 2195, 162 L. Ed. 2d 1 (2005). Marijuana is listed as a Schedule I controlled substance. See 21 U.S.C. § 812. As such, under 21 U.S.C. § 841(a)(1), it is "unlawful for any person to knowingly or intentionally, manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Despite being legal under state law, activities associated with the marijuana industry are illegal under federal law and cannot be condoned by the bankruptcy courts. "[A] federal court cannot be asked to enforce the protections of the Bankruptcy Code in aid of a Debtor whose activities constitute a continuing federal crime." *In re Rent-Rite Super Kegs W. Ltd.*, 484 B.R. 799, 805 (Bankr. D. Colo. 2012). *See also, Arenas v. United States Tr. (In re Arenas)*, 535 B.R. 845, 847 (B.A.P. 10th Cir. 2015) ("Can a debtor in the marijuana business obtain relief in the federal bankruptcy court? No.").

Accordingly, it is

ORDERED that on or before **May 4, 2020**, the Debtor and the Office of the United States Trustee shall show cause, in writing, why this case should not be dismissed, failing which, this case shall be dismissed.

Dated: April 22, 2020.

BY THE COURT:

Joseph G. Rosania, Jr.
United States Bankruptcy Judge