**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 20-12689 JGR |
| UC COLORADO CORPORATION, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | (Request for Joint Administration Pending) |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 20-12692 JGR |
| UNITED CANNABIS CORPORATION, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

**ORDER ESTABLISHING BAR DATE FOR THE FILING OF PROOFS OF CLAIM PURSUANT TO FED. R. BANKR. P. 3003(c)(3)**

THIS COURT, having reviewed the *Motion for Order Establishing Bar Date for the Filing of Proofs of Claim Pursuant to Fed. R. Bankr. P. 3003(c)(3)* (the "Motion"), filed by UC Colorado Corporation and United Cannabis Corporation (together, the "Debtors"), debtors-in-possession, being advised in the premises and good cause having been shown, hereby:

ORDERS that the motion is GRANTED.

IT IS FURTHER ORDERED that the Proofs of Claim in the above-captioned chapter 11 bankruptcy cases must be filed no later than **August 20, 2020 (the "Bar Date")**. The Bar Date applies to all entities[2] holding claims against the Debtors that arose or are deemed to have arisen prior to April 20, 2020 (the "Petition Date"). The Bar Date further applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under 11 U.S.C. §§ 507(a) and 503(b)(9)) and unsecured nonpriority claims. The filing of a proof of claim form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under 11 U.S.C. § 503(b)(9).

IT IS FURTHER ORDERED that any creditor holding a claim arising prior to the Petition Date must file a proof of claim with the court if the claim is: (i) not scheduled, (ii) scheduled as disputed, contingent, or unliquidated, or unknown, or (iii) if such creditor disagrees with the amount or nature of the scheduled claim.

IT IS FURTHER ORDERED that all administrative claims under 11 U.S.C. § 503(b) (other than under § 503(b)(9)) must be made by separate requests for payment in accordance with 11 U.S.C. § 503(a) and will be disregarded if made by proof of claim. The Bar Date will not apply to administrative expense claims (other than claims under § 503(b)(9)), claims of governmental entities, and claims of professionals for post-petition fees and expenses.

---

[2] As used herein, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and includes, among other things, "persons" as such term is defined in section 101(41) of the Bankruptcy Code.

IT IS FURTHER ORDERED that any claims filed after the Bar Date will be DISALLOWED.  Any individual or entity that is required to file a proof of claim and that fails to do so by the Bar Date will not be treated as a creditor for the purposes of voting or distribution, may not receive any further notices of mailings in these chapter 11 cases and any claim of such individual or entity may be forever barred against Debtors.[3]

IT IS FURTHER ORDERED that following the Bar Date, a creditor must obtain Court approval to amend a claim deemed filed on its behalf pursuant to 11 U.S.C. § 1111(a) by virtue of the listing of such claim by Debtors in their bankruptcy schedules.

IT IS FURTHER ORDERED that a copy of this order, notice in the form attached hereto as Exhibit A, and a proof of claim form must be served on all parties-in-interest pursuant to Fed. R. Bankr. P. 2002(a)(7) within three business days from entry of this order, and a certificate of service filed evidencing same.

IT IS FURTHER ORDERED that the proof of claim form transmitted to creditors must comply with Official Form 410 in all respects.

DATED this ___19th___ day of _____June_____, 2020.

BY THE COURT:

_____
Hon. Joseph G. Rosania, Jr.
United States Bankruptcy Judge

---

[3] Subject to 11 U.S.C. § 726(a)(1) in the event of conversion.